IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL POOL,                                    Civil No. 04-6400-AA
                                                OPINION AND ORDER
            Plaintiff,

        vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.
_____

Alan Stuart Graf
Attorney At Law
1020 SW Taylor Street, Suite 230
Portland, Oregon 97205-2555
        Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neal Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Nancy A. Mishalanie
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

        Claimant, Daniel Pool, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1    - OPINION AND ORDER

1   judicial review of a final decision of the Commissioner.  The
2   Commissioner denied plaintiff's application for Supplemental
3   Security Income (SSI) disability benefits under Title XVI.  42
4   U.S.C. §§ 1381-1383f.  For the reasons set forth below, the
5   Commissioner's decision is remanded to the Administrative Law
6   Judge for additional findings as specified below.

7                        **PROCEDURAL BACKGROUND**

8        Plaintiff protectively filed his application for SSI
9   benefits on September 17, 2000.  Tr. 13-14, 114-116. Plaintiff
10  alleged disability beginning September 17, 2000, due to coronary
11  artery disease and shortness of breath.  Tr. 14, 124.  His
12  applications were denied initially, and upon reconsideration.
13  Tr. 94-98, 101-03.  On March 16, 2004, plaintiff appeared before
14  an Administrative Law Judge (ALJ).  Tr. 38-91. On April 26, 2004,
15  the ALJ issued a decision denying plaintiff's application.  Tr.
16  13-22. The Appeals Council denied plaintiff's request for review,
17  tr. 5-6, making the ALJ's decision the final agency decision.
18  See 20 C.F.R. §§ 416.1481, 422.210.

19                      **STATEMENT OF THE FACTS**

20       Plaintiff was 47 years old on the date of the ALJ's
21  decision.  Tr. 42, 114.  He has an eighth grade education and
22  past work experience as a contract laborer for various oil
23  companies, and as a molding machine operator in a pipe factory.
24  Tr. 43-47.

25                        **STANDARD OF REVIEW**

26       This court must affirm the Secretary's decision if it is
27  based on proper legal standards and the findings are supported by
28  substantial evidence in the record.  Hammock v. Bowen, 879 F.2d

498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

3    - OPINION AND ORDER

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### DISCUSSION

The ALJ found at Step One that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 15, 21. See 20 C.F.R. § 416.920(a)(4)(I). This finding is not in dispute. At Step Two, the ALJ found that plaintiff had the following severe impairments: coronary artery disease, asthma/chronic obstructive pulmonary disease, diabetes mellitus, and obesity. Tr. 21. See 20 C.F.R. § 416.920(a)(4)(ii). This finding is not in dispute. At Step Three, the ALJ found that plaintiff's impairments did not meet or

4    - OPINION AND ORDER

equal the requirements of a listed impairment. Tr. 21. <u>See</u> 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). This finding is not in dispute.

The ALJ next determined that the plaintiff had a residual functional capacity to perform a significant range of light work that did not involve more than occasional rope or scaffold climbing, and that did not involve fumes or other respiratory irritants. Tr. 19, 21. This finding is in dispute.

At Step Four, the ALJ found that plaintiff was not able to perform his past relevant work within the residual functional limitations noted above. Tr. 21. <u>See</u> 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). This finding is not in dispute.

Finally, at Step Five, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy as a parts salvager, and light assembly worker. Tr. 21. <u>See</u> 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g). This finding is in dispute.

The plaintiff argues that the ALJ erred when he improperly rejected the opinion of plaintiff's treating physician. A treating physician's opinion is entitled to controlling weight if it is well supported by the medical evidence and not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)92), 416.927(d)(2). An ALJ must present "clear and convincing" reasons for rejecting the uncontroverted opinion of a claimant's treating physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). When the treating physician's opinion is controverted, the ALJ must give "specific and legitimate" reasons for rejecting the opinion. <u>Id.</u>

5    - OPINION AND ORDER

The ALJ rejected the opinion of plaintiff's treating physician, Dr. Herscher, which held in a "check-the-box" form, that plaintiff could not perform sedentary or light work for eight hours a day. Tr. 18. The ALJ found that Dr. Herscher's opinion "does not agree with his ongoing treatment notes and he has never expressed such an opinion or even implied that the claimant was severely limited by his condition. As well, there is no evidence that Dr. Herscher conducted a physical capacities evaluation of the claimant." Id.

The ALJ also found that Dr. Herscher's opinion was contradicted by the opinions of Drs. Kremser and Sproed. However, the last report in the record from Dr. Kremser, another of plaintiff's treating physicians, was dated July 2001, one month after plaintiff's angioplasty, whereby Dr. Kremser reported that plaintiff had chest pain when he would stand with his arms overhead while working on a car from a "pit," but that he is able to climb a steep incline out from a river during a fishing trip without chest symptoms. Tr. 242-43. The record does not contain any opinion or treatment notes from Dr. Kremser in the more than 2 ½ year period that elapsed between Kremser's July 2001 opinion and Dr. Herscher's March 2004 opinion finding plaintiff unable to perform sedentary or light work for eight hours a day. Tr. 349-51.

Similarly, Dr. Sproed, an examining physician, evaluated plaintiff in January 2002 (again more than two years prior to Dr. Herscher's March 2004 opinion) and concluded that plaintiff could perform "mild" activities, continued to have evidence of arteriosclerotic disease and intermittent angina, and was limited

as to his physical activity.  Tr. 274-75.

The ALJ also rejected Dr. Herscher's opinion because there was no evidence that he had conducted a physical capacities evaluation.   Plaintiff asserts that rather than reject Dr. Herscher's opinion, the ALJ should have recontacted Dr. Herscher to inquire as to the basis of his opinion, given the extensive treatment relationship Dr. Herscher had with the plaintiff. Further, plaintiff notes that the ALJ should have requested that Dr. Herscher complete a physical capacities evaluation.  There is no evidence in the record that Dr. Herscher ever conducted a physical capacity evaluation which would support his disability opinion.  Further, I find no evidence in the record indicating a medical determination, evaluation, opinion, or comment as to plaintiff's existing physical capacity despite his diagnoses. Social Security regulations specify the need for a medical source statement to indicate what a claimant can do despite his or her impairments.  See 20 C.F.R. § 416.913(b)(6).  If Dr. Herscher refused or was unable to prepare a statement, the ALJ could have requested that information from a consultative examiner.  20 C.F.R. § 416.919.

Given the paucity of information contained in the record concerning plaintiff's physical capacity given his serious medical diagnoses (including coronary artery disease for which he has been surgically treated, chronic obstructive pulmonary disease, and diabetes), I find reason to remand this file to the ALJ to obtain additional information from plaintiff's treating physicians regarding plaintiff's physical limitations, if any. Physician's opinions are not automatically credited as a matter

of law if the ALJ's finding was insufficient. <u>Connett v.</u>
<u>Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003)(remanding for further
administrative proceedings due to improperly rejected testimony
and medical evidence). As here, further proceedings are
necessary when there are outstanding issues to resolve. <u>Id.</u>

### CONCLUSION

The Commissioner's decision is remanded to the
Administrative Law Judge for additional findings as specified
above.

IT IS SO ORDERED.

Dated this  25  day of April 2006.


                                    /s/ Ann Aiken
                                   Ann Aiken
                         United States District Judge

8    - OPINION AND ORDER